Judge Brooke.
In this case two points were made„ 3. The tenement demanded is not described with, suili *172 cient certainty; 2. The decree and deed objected to, in the bill of exceptions, were not admissible evidence, to prove all the facts for which they were introduced.
In the count, sixty acres of land, ci part of eight hundred and fifty acres,” are demanded : the eight hundred and fifty are described and set forth by metes and bounds according to the form prescribed by the act of 1786, entitled an act for reforming the method of proceeding on writs of right. The objections are, first, that the sixty acres are not so described ; and, secondly, they might be located in any part of the eight hundred and fifty acres. Upon a demurrer to the count, it is possible these objections would be entitled to great consideration; but the tenant admits the description to be sufficiently certain by his plea; which puts in issue the quantity and locality of the tenement demanded. The objections of this kind that were urged in the case of Turberville v. Long, in this court, were much stronger, and yet they were overruled.
On the second point, I am of opinion that, though the decree, if necessary in tracing the title of the demandant, might have been offered in evidence, (in connection with proof of the sale under it, and, the deed to the purchaser,) to prove, as far - as it would go, that the title to the land in controversy had passed from Patrick Ramsey to the purchaser, yet it was not evidence to prove that Andrew Ramsey was the heir at law of Patrick Ramsey, that was a deduction of law, from facts which might or might not have been before the chancellor, and which it did not belong to the jury to make from the decree; facts which, if proved by proper testimony, rendered the decree and proceedings under it unimportant to the demandant, inasmuch as, if Andrew was proved to be the heir at law of Patrick Ramsey, he derived his title to the land by descent, and the deed from him to the demand-ant was sufficient to pass the title to him. I am therefore of opinion the judgment must be reverted,
*173 I have said nothing relative to the sufficiency of the mil of exceptions to identify the deed and decree referred to; because I thought it best to decide the points in it, however informally presented to the court.
j udge Roane.
As to the sufficiency of the count in mis case, I am inclined to concur in the opinion just delivered, upon the authority of the decisions of this court in the cases of Turberville v. Long, 3 H. and M. 309. and Beverley v. Fogg, 1 Call, 484.
With respect to the sufficiency of this bill of'exceptions in relation to its- identifying the decree and deed contained in the record to be the very paper therein referred to, I cannot but have some doubts upon the subject. As, however, the question maybe very important, in reference to the actual practice of the several clerks of this commonwealth, who frequently omit, either to copy into the bills of exceptions, the documents intended to be made a part thereof, or to certify (as is the case here) that a given paper is the one referred to in the bill of exceptions, that question is reserved (so far as my opinion goes) for future decisions: In the view I have taken of this case, the question need not be decided at present.
The bill of exceptions exhibits the appellee as offering in evidence the decree and deed therein mentioned, generally, viz. to prove every thing they were extensive enough to prove. On the part of the appellant, the decree was objected to both generally, as being inadmissible evidence, it having been rendered between other parties, and particularly, as being incompetent to prove that A. Ramsey was the heir of Patrick Ramsey. I understand this objection as amounting to a substantial, though informal, application to the court, either to withhold that decree from the jury altogether, or, at least, to instruct the jury that it was incompetent to prove the. fact of A. Ramsey's heirship ; and I also understand the *174 decision of the court, as amounting to a refusal to do either, and as permitting that decree to go to the jury to prove, inter a!ia¡ that A. Ramsey was the heir of Patrick Ramsey. The propriety of this decision of the district court is now to be examined.
While it is admitted that that decree, though between other parties, was proper to prove any matters depending merely upon reputation, (including, perhaps, the fact that A. Ramsey was the eldest son of Patrick Ramsey,) and also was proper to be exhibited in this case as a link showing how the title was deduced from Gordon to the present appellee, it was not proper evidence to prove, as between the present parties, the substantive fact of the heirship of A. Ramsey. That being a legal inference depending upon a point of fact, viz. the time of the death of Patrick Ramsey, and upon the construction and time of commencement of the act of descents of 1785, (however clear and plain,) it was the privilege of the appellant not to be bound thereby, unless he had had (by being a party to the suit) the liberty to controvert the same. It is not for this court to say, that it was unnecessary for the appellee, resting upon the conveyance under the decree, to prove the fact of the heirship as a substantive fact in the present case. He has chosen to do so j and the doctrine is, “ That illegal or improper evidence, however unimportant it may be to the case, ought never to be confided to the jury, for if it should have an influence upon their minds, it will mislead them, and if it should have none, it is useless, and may, at least, produce ■ perplexity. ”(a)
The establishment of this fact, however, in the case before us, might not have been altogether useless, in the event that the deed of A. Ramsey, contained in the record, should (from whatever cause, as to which, however, I give no opinion in this case) be deemed insufficient to convey a perfect title to the appellee, as under the decree, vet, as Gordon's deed to Patrick Ramsey wa£j *175 in itself an absolute one, and this deed, (though possibly insufficient under the decree,) conveying the right of A, Ramsey to the appellee, he might have considered that his title, in this aspect, would be complete by proving that A. Ramsey was the heir of Patrick Ramsey ; and having no other evidence of that fact, introduced the decree aforesaid to prove it; and thus (which, however, is no; necessary to maintain my proposition, that the decision of the district court on this point was erroneous) a real utility might have resulted to the appellee from exhibiting the decree to prove that fact; a fact, too, as to which there was no other testimony offered.
My opinion is that the judgment be reversed, and the cause remanded, with directions that the district court should, on the future trial, if necessary, give an instruction to the jury corresponding with the ideas now stated.
Judge Fleming.
The counsel for the appellant stated two points in the cause to prove the judgment erroneous? first, that the count is defective, and not cured by the plea, or verdict; and, secondly, that the decree and deed, referred to in the bill of exceptions, were not admissible -evidence to prove the matters for which they were introduced.
With respect to the first point, the count demands a tenement containing sixty acres of land with the appurtenances, in the county of Franklin, and within the jurisdiction of the district court of Franklin; which said sixtv acres arc included in a larger tract of 850 acres, the bounds of which are accurately described. The defendant in his plea, after describing the land precisely’- as stated in the count, “ pntteth himself on the assise, and praveth recognition to be made whether he hath greater right to hold the tenement aforesaid, with the appurte"nances,, as he now holdctb it, or the cakl Elisha Arnold *176 to have it, as he now demandeth itand issue thereupon in due form; which seems to me a sufficient acknowledgment of the identity of the land in controversy. But this is not all; the jury expressly find for the demandant (not sixty) but fifty acres of land, with the appurtenances in the count mentioned, “ being part of 850 acres also in the count mentioned;” and which said fifty acres are particularly delineated and described in the surveyor’s report, made by virtue of an order of the district court of Franklin. And the appellee traced his title, from the date of the patent to Obadiah Woodson, in the year 1751, down to the time of instituting his suit.
In the case of Turberville v. Long, in this court,(a) the count neither stated the county in which the land in controversy lay, or that it was within the jurisdiction of the district court of Fredericksburg, where the suit was brought, and yet the court held the count sufficient to maintain the action, and gave judgment accordingly.
With respect to the second point, it seems attended with more difficulty. This court, in the cases of Keel & Herbert v. Roberts, 1 Wash. 203. and of Wroe v. Washington and others, 1 Wash. 357. decided against the doctrine of taking a bill of exceptions for a demurrer to evidence, and considered the two modes of proceeding as being totally dissimilar; and that the one could not answer the purposes of the other. In a demurrer, the evidence is admitted to be legal and true ; but not sufficient to maintain the issue; the whole evidence being stated in the demurrer, the court may refuse to compel the other party to join; and may either direct the jury as to the sufficiency of the evidence, or, in a clear case, may leave the jury to decide upon it. And, in a doubtful case, the usual mode is, either to withdraw a juror, or for the jury to find a verdict, subject to the opinion of the court, upon the sufficiency or insufficiency of the evidence to maintain the issue*
*177 in an exception to evidence, it is denied to be legal, or competent, and, therefore, ought not to be admitted to go to the jury for any purpose whatever.
In the case before us, the exceptions seem vague and uncertain ; they are, that “ the demandant, in deducing his title to the land in controversy, introduced, as evidence, a decree of the high court of chancery in these words : and also a deed from Art* drew Ramsey, in these words : ; to the admission of which the tenant’s attorney objected, as the decree was betwixt different parties (though not named) from those now in court; and also because it was improper, by said decree, to prove that Andrew Ramsey was the heir at law of Patrick Ramsey, there being no other evidence to prove that fact. The deed was also objected to, there being no evidence that a sale was made in pursuance of the decree.
Take the appellant’s objections as exceptions to the evidence, the question is, whether the decree and deed were admissible evidence to go to the jury for any pur~ pose ? It seems to me that they were admissible; being a link in the chain by which the appellee deduced his title to the land in controversy, from the patentee down to the commencement of his suit; and, if they prove Andrew Ramsey to be the eldest son, it appears to me they also prove him to be the heir of Patrick Ramsey ¡ for so they style him in the same sentence ; and we ought, I conceive, to reject, or take, the whole together. The suit in which the decree is rendered, was instituted by Alexander Gordon against Andrew Ramsey, by him styled to be the eldest son and heir at law of Patrick Ramsey, to be relieved against his own absolute deed, executed to the said Patrick Ramsey the father; of which deed further notice will be taken hereafter. The time of Patrick Ramsey’s death does not appear ; but I presume, from the circumstances above stated, that it was *178 prior to our act of assembly directing the course of descents, which took effect on the first day of January, 1787.
Consider the objections as a demurrer, it admits the evidence to be legal and true in all its parts; but denies its sufficiency to prove the facts for which it was introduced. Our act of assembly, to simplify the proceedings in writs of right, directs the form of both count and plea; differing the proceedings from those in England in many respects ; and allows any matter to be given in evidence which might have been specially pleaded. Upon the same principle, I conceive, the decree and deed might have been given in evidence on the part of the demandant, (which he might in a special count have stated, as a link, in tracing his title, had not a particular form been prescribed by the act of assembly.) The fact, that Andrew Ramsey was the heir of Patrick Ramsey, seems the only purpose for which the proceedings in chancery need be used; for the deed from Gordon to Patrick Ramsey being absolute, without a defeasance; but for the interference of the court of chancery (which, from some equitable circumstances, not to us disclosed, considers that it should operate between the parties as a •mortgage) the absolute right would have descended to Patrick Ramsey*s, heir, (unless otherwise disposed of by the will,) who might have sold, and conveyed, to whomsoever he pleased.
As to the circumstance of there being no direct proof that the land was sold in pursuance of the decree ; its being so stated in the deed from Andrew Ramsey to Arnold, and that the latter became the purchaser, is sufficient evidence to satisfy me of the fact; as the former thereby devested himself of all right to, and interest in, the premises. If the decree is not evidence, why is proof required that a sale was made in pursuance of it of the land in controversy ? the title to which is clearly *179 deduced from the patentee, who obtained a p;rant for the same from the crown, under the regal government, in the year 1721, clown to Patrick Ramsey, in the year 1774. And none, I conceive, could be interested in, or affected by, the sale, except the purchaser, and those who claimed under Patrick Ramsey, and (except the possession) not a shadow of title appears in the appellant.
I have still, however, some doubts on the subject", and it being an invariable rule with me never to reverse a judgment, or a decree, unless thoroughly convinced that it is erroneous, I am of opinion that the judgment ought to be affirmed. But a majority of the court being of a different opinion, it is to be reversed, and the cause remanded to the superior county court of Franklin, for á new trial to be had therein.
Judgment reversed, and new trial granted 5 with a direction that, on such trial, the court do not permit the decree, mentioned in the bill of exceptions, to be given in evidence to prove that Andrezo Ramsey was the heir of Patrick Ramsey<>

 Per Pendleton, President, in the case of Lee v. Tapscott, 2 Wash 231.

 3 H. & M. 309.